659 So.2d 327 (1995)
Carmen TORRES, Appellant,
v.
SMITHKLINE BEECHAM COMPANY and Kemper National, Appellees.
No. 93-1244.
District Court of Appeal of Florida, First District.
January 4, 1995.
Daniels, Kashtan & Fornaris, Coral Gabies, and Jay M. Levy of Jay M. Levy, P.A., Miami, for appellant.
*328 Jacqueline M. Gregory of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, P.A., Miami Lakes, for appellees.
PER CURIAM.
This claim arises under the wage loss provision in section 440.15(3)(b)1 of the 1989 Worker's Compensation Law. Appellant has developed an asthmatic condition which, according to the medical testimony of Dr. Barrio that was accepted by the judge of compensation claims (JCC), is work-related. When claimant's attorney asked Dr. Barrio whether claimant had a permanent impairment based on the American Medical Association Guides, employer/carrier objected on the ground that the AMA Guides were not applicable and that the Minnesota Schedule was the relevant standard based on section 440.15(3)(b)1, Florida Statutes (1990). The JCC sustained employer/carrier's objection. Dr. Barrio testified that he was not familiar with the Minnesota Schedule and therefore could not testify to a numerical impairment rating based on that schedule. The JCC ultimately denied the wage loss claim based on claimant's failure to provide a numerical impairment rating.
The JCC erred in requiring the Minnesota Schedule be used. The statute in effect at the date of the accident was the 1989 statute which required the AMA Guides be used, and not the 1990 statute which required use of the Minnesota Schedule.[1] Accordingly, we reverse the denial of wage loss. On remand the JCC may receive documents from Dr. Barrio on the issue of claimant's impairment rating. The JCC will also reconsider the claim for permanent total benefits.
REVERSED and REMANDED with directions.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.
NOTES
[1] Section 440.15(3)(a)3, Florida statutes (1990), states: "For injuries after July 1, 1990, pending the adoption by division rule of a uniform disability rating guide, the Minnesota Department of Labor and Industry Disability Schedule shall be temporarily used unless that schedule does not address an injury."